## Case No. 218.

### ALLEN v. BROOKLYN.

[8 Blatchf. 535; 4 Fish. Pat. Cas. 598.][1]

Circuit Court, E. D. New York. July 12, 1871.

PATENTS FOR INVENTIONS — INFRINGEMENT BY BOARD OF EDUCATION—LIABILITY OF CITY.

The city of Brooklyn is not liable to the patentee of a patented seat, for the use thereof in the public schools of the city, under the direction of the board of education, which purchased and owns the seats, the corporation of the city not using the seats, and having no power, by law, to direct the discontinuance of their use.

[In equity. Bill by Aaron H. Allen against the city of Brooklyn to enjoin infringement of letters patent No. 12,017. Injunction refused.]

John A. Beall, for plaintiff.
William C. De Witt, for defendants.

BENEDICT, District Judge. I am of the opinion that this action cannot be maintained against the city of Brooklyn—not, however, by reason of any exemption from liability secured by the act of 1862, (Bliss v. City of Brooklyn, [Case No. 1,544,]) but because the use of the complainant's patent seats in the public schools of the city, under the direction of the board of education, to which body the seats belong, does not create a liability on the part of the corporation of the city of Brooklyn to pay the complainant for the use of his patent. The injunction prayed for, if granted, would be of no effect, as the corporation of the city has no power, by law, to direct the discontinuance of the use of the seats. The seats are not used by the corporation of the city, but by the board of education, the purchaser, and any injunction, to be effectual, must issue against that body.

[NOTE. For other cases involving this patent see note to Allen v. New York, Case No. 232.]

---

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

## Case No. 219.

### ALLEN v. The CANADA.

[Bee, 90.][1]

District Court, D. South Carolina. March, 1798.

SALVAGE SERVICE — WHAT CONSTITUTES — COMPENSATION.

1. Compensation granted for keeping company with the distressed vessel, at the earnest request of her captain.

[2. Cited in The Williams, Case No. 17,710, as authority for remedy in rem for services not upon or in contract with the ship, nor upon which the salvation of the vessel depended.]

[In admiralty. Libel for compensation for services. Decree for libelants.]

From the pleadings and evidence it appeared that the Canada, [John] Sewall, master, on a voyage from Jamaica to England, having lost her rudder, and sprung her foremast in a storm, was obliged to bear away for the first port. She came to anchor off the bar of Charleston; when the captain came ashore for assistance, and returned with a new rudder, six fresh hands, and a pilot. The ship, in another storm, parted her cables, and was driven out to sea. After several days she fell in with Allen's brig, bound from New York to Charleston, and entreated Allen to stay by the ship, and assist, if necessary, in conducting her back to the bar. With this he readily complied; kept company all day, and carried a light through the night. The next day they made the lighthouse; and, the wind being more moderate, the brig towed the ship towards the bar for two or three hours; after which the ship anchored, and the brig came up to Charleston. The ship arrived, without further assistance, on the following day; and the present suit is brought for compensation. Salvage was claimed in the libel, but that ground was abandoned. Though the captain of the ship had expressed great solicitude to have the brig in company, yet the pilot and others from Charleston, who went to her assistance, concur in saying that the ship was in no immediate danger. She carried sail, notwithstanding the injury done to the foremast, and was manageable, notwithstanding the loss of her rudder. Though leaky, she was cleared of water by pumping half an hour in every hour, and that with a single pump; the cargo was not at all damaged. The crew of the ship, however, acknowledge that they derived much comfort from the presence of the brig, as they could rely upon her aid in case of greater danger. The two vessels were together a day and a half; but the brig never went out of her course, nor did she receive the least damage. Three hundred dollars had been offered by way of compensation, but refused.

The judge decreed four hundred, and ordered the defendant to pay costs of suit.

---

[1][Reported by Hon. Thomas Bee, District Judge.]